RENDERED:  JANUARY 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1239-MR

JAMES "JIM" REYNOLDS                                                    APPELLANT

v.                APPEAL FROM GREENUP CIRCUIT COURT
                  HONORABLE JEFFREY L. PRESTON, JUDGE
                  ACTION NO. 09-CI-00930

DIANA K. REYNOLDS                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

THOMPSON, CHIEF JUDGE:  James Reynolds appeals from an order of the

Greenup Circuit Court which denied his motion to alter an order which awarded

Diana Reynolds certain retirement benefits.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Appellee were married on July 20, 1985.  Appellee

filed a petition for divorce on December 4, 2009, and a decree of dissolution of

marriage was entered on September 23, 2010. The decree awarded Appellee one-half of the amount of Appellant's retirement plan accumulated between the dates of marriage and divorce.

Following the decree, a number of orders were entered in order to facilitate Appellee receiving her share of the retirement benefits. One such order stated that Appellee was to receive a "Former Spouse Survivor Annuity under the Civil Service Retirement System in the same amount to which [she] would have been entitled if the divorce had not occurred." This order indicates that Appellee would be entitled to an annuity that contains amounts earned after the divorce. That order was entered on November 1, 2010.

On November 23, 2010, Appellant, through counsel, filed a motion requesting that the court amend the former spouse survivor annuity order. Appellant requested that the court amend the order to state that if Appellee were to receive such an annuity, it would only affect monies due to Appellee between the date of the marriage and divorce. In other words, Appellant argued that Appellee would not be entitled to any money she would receive in such an annuity after the date of the divorce.

Appellant and Appellee were then in and out of court for various reasons for over two and a half years. During this time, Appellant's motion to amend was never ruled upon by the court or raised again by the parties. Finally, on

July 28, 2021, Appellant filed another motion seeking to amend the former spouse annuity order. Appellant had just retired and was informed that Appellee would be entitled to this annuity.

A hearing was held on the motion on September 14, 2021. During the hearing the trial court heard testimony from Appellant and arguments from counsel. On October 6, 2021, the trial court entered an order denying Appellant's motion. The court held that it did not believe it retained jurisdiction to amend an order after eleven years. The court also ruled, in the alternative, that it was not convinced the order was entered in error. This appeal followed.

## ANALYSIS

We believe the trial court was correct in that this motion was not timely filed. The order Appellant sought to amend was entered on November 1, 2010. The first motion seeking to amend that order was filed on November 23, 2010. The next motion seeking to amend that order was filed July 28, 2021. Kentucky Rules of Civil Procedure (CR) 52.02 and CR 59.05 both allow an order to be amended within ten days after entry of the order. The first motion Appellant filed to amend the order on appeal was filed more than ten days after entry of the

order.  The second motion was filed over ten years later.  Neither of these motions were timely under CR 52.02 or CR 59.05.[1]

## CONCLUSION

The trial court did not err in denying Appellant's motions to amend the November 1, 2010 order because they were not made in a timely manner.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

James W. Lyon, Jr.
Greenup, Kentucky

---

[1] We note that no argument has been made regarding the trial court vacating the allegedly incorrect order pursuant to CR 60.02.